## Election of Bank Directors

BARD, Attorney General, October 20, 1938.—You have asked to be advised whether a bylaw of a banking institution may authorize the board of directors, upon an increase in their number, to elect the additional members to serve until the next shareholders' meeting, or whether such election is solely within the nondelegable power of the shareholders.

Specifically, you refer to a proposed bylaw of the Germantown Trust Company, which provides as follows:

"The board of directors by resolution may increase or diminish the number of directors from time to time within the limits prescribed above. In case of a vacancy occuring in any class *either by reason of any such increase* or by death, resignation, disqualification or otherwise, the board may fill such vacancy by electing a director to hold office until the next annual meeting of the stockholders." (Italics supplied.)

Section 502(*b*) of the Banking Code of May 15, 1933, P. L. 624, as last amended by the Act of April 22, 1937, P. L. 349, provides, inter alia:

"Except as otherwise provided in this act for the filling of vacancies, directors, other than those constituting the first board of directors, shall be elected by the shareholders."

Under this provision, it is certain that only shareholders may elect directors, other than those constituting the first board, except where the code empowers the directors to fill a vacancy. The directors' power to fill vacancies is set out in section 501, as last amended by the Act of June 21, 1935, P. L. 369, which provides, inter alia:

"Except as otherwise provided in the articles or bylaws. . . .

"(3) Vacancies in the board of directors or in the board of trustees caused by *death, resignation, disqualification,* or otherwise, may be filled by the remaining members of the board, though less than a quorum, and each person so elected shall, in the case of a bank, a bank and

trust company, or a trust company, be a director until his successor is elected by the shareholders, who may make such election at the next annual meeting of the shareholders, or at any special meeting duly called for that purpose and held prior thereto". (Italics supplied.)

The italicised words set out specific events whereby vacancies have occurred in the board of directors. It is evident that all refer to a vacancy caused in an existing term. The general words "or otherwise" must be confined to vacancies of a like nature.

In 59 C. J. 981, sec. 581, the following statement appears:

"By the rule of construction known as 'ejusdem generis,' where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated, and this rule has been held especially applicable to penal statutes. The particular words are presumed to describe certain species and the general words to be used for the purpose of including other species of the same genus. *The rule is based on the obvious reason that if the legislature had intended the general words to be used in their unrestricted sense they would have made no mention of the particular classes.*" (Italics supplied.)

Hence, "or otherwise" can refer only to situations where, for some reason, the term of a former director is unexpired. As examples of these situations, we may cite: (1) Vacancy upon removal of a director by shareholders: section 510(*a*); (2) vacancy by declaration of the board of directors for the reasons permitted by section 510(*b*); (3) vacancy by removal of a director by a competent court: section 510(*c*).

Obviously, section 501 was enacted so as to permit the directors to fill a vacancy that arises unexpectedly, and was not intended to allow them by their deliberate action to create vacancies and fill them.

Our opinion is confirmed when we consider the fact that section 501(3) states that "Vacancies in the board of directors . . . may be filled by the *remaining* members of the board". "Remaining" involves the idea of continuance in the same state or position: 54 C. J. 105. Thus, the "remaining members" can be only those who continue to act as such, as distinguished from those who are no longer directors. Certainly, "remaining" cannot refer to the "existing" members of the board of directors where the number has been increased.

In the case of Commonwealth ex rel. v. Dickert, 195 Pa. 234 (1900), the Supreme Court affirmed an opinion of the Court of Common Pleas of Lackawanna County, which contained the following language (p. 241) :

"As to the meaning of the word 'vacancy,' we are not without some authority. The question was very learnedly and elaborately discussed in the case of Walsh v. Commonwealth, 89 Pa. 426. *In that case there was no dispute as to the ordinary signification of the word as applied to an office. An office which had been once filled and became vacant on account of the death or resignation of the incumbent created a vacancy.* This was a plain proposition requiring no argument to sustain it. But the Supreme Court went further and decided that the word 'vacancy' 'aptly and fitly describes the condition of an office when it is first created and has been filled by no incumbent.' The conditions confronting the court in the Walsh case induced them to extend the legal signification of the term 'vacancy' beyond the popular conception of its meaning. *In the absence of peculiar conditions, the common acceptation of the use of the word must prevail.*" (Italics supplied.)

In conclusion, you are advised that under the Banking Code, supra, vacancies which members of the board of directors may fill by their own action are those which are the result of an unexpired term of a former member of the board, provided the articles or bylaws have not removed this power. An increase in the number of di-

rectors does not create vacancies within the meaning of the Banking Code. Such new offices must be filled by the shareholders, and the shareholders cannot delegate this power to the board of directors.